## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**PETROPLEX INTERNATIONAL ET AL**          **CIVIL ACTION**

**VERSUS**                                                              **NO: 15-140**

**ST. JAMES PARISH ET AL**                              **SECTION: "H"(4)**

## ORDER AND REASONS

Before the Court is Defendants' Motion for Partial Summary Judgment on the Constitutionality of St. James Parish Ordinance 14-03 (Doc. 60). For the following reasons the Motion is **GRANTED IN PART**.

## BACKGROUND

The facts of this case have been outlined at length in the Court's earlier Order and Reasons.  The Court will, therefore, only review the facts relevant

1

to the instant motion.  In 2007, Plaintiffs[1] purchased land in St. James Parish fronting the West Bank of the Mississippi River for the purpose of building a petroleum tank farm.  Plaintiffs began the process of acquiring necessary state and federal permits in 2008. While this process was ongoing, St. James Parish was developing and implementing a comprehensive land use plan for the Parish.

In 2013, as Plaintiffs were nearing the end of the planning process, the Parish adopted a parish-wide Master Land Use Plan (the "Land Use Ordinance"), under which the tank farm was not a permissible use of the property.  Plaintiffs' Complaint mounts a challenge to, inter alia, the validity of the Land Use Ordinance under both state and federal law.[2]  Defendants filed the instant Motion, seeking partial summary judgment that the Land Use Ordinance is permissible and dismissing Plaintiffs' claims attacking its validity.

---

[1] There are three Plaintiffs in this litigation: Mainline Energy Partners No. 2, LLC ("Mainline"); Homeplace Ventures No. 2, LLC ("Homeplace"); and Petroplex International, LLC ("Petroplex"). Mainline and Homeplace are the sole members of Petroplex.

[2] Specifically, Count 1 of the Complaint avers that the Land Use ordinance lacks sufficient standards under the Louisiana Constitution, Count 2 argues that it is unconstitutionally vague in violation of state and federal constitutional protections, Count 3 argues that the ordinance is arbitrary and capricious in violation of federal substantive due process protections, and Count 4 avers that it is an unreasonable exercise of the police power provision of the Louisiana constitution.

## LEGAL STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[3]  A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[4]

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in his favor.[5]  "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."[6]  Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case."[7]  "In response to a properly supported motion for summary judgment, the non-movant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the non-movant on all issues as to which the non-

---

[3] Fed. R. Civ. P. 56(c) (2012).
[4] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).
[5] *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528 (5th Cir. 1997).
[6] *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995).
[7] *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

movant would bear the burden of proof at trial."[8]   "We do not . . . in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."[9]    Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion."[10]

## LAW AND ANALYSIS

This Motion seeks dismissal of Plaintiffs' claims attacking the validity of the Land Use Ordinance.   Initially, the Court will address the claims arising under federal law, as they are unquestionably within its jurisdiction.   The Court will then address its jurisdiction to entertain the state law claims.

### I. Federal Claims

Plaintiffs' Complaint mounts two constitutional challenges to the Land Use Ordinance.   First, they argue in Count 2 of the Complaint that the Land Use Ordinance is unconstitutionally vague in violation of the Federal Constitution.   Second, they assert in Count 3 that the Land Use Ordinance is arbitrary and capricious, thereby asserting a violation of substantive due process.   The Court will address these claims in turn.

As a preliminary matter, the Court notes that, in making their constitutional arguments, Plaintiffs cite the Court to various Louisiana state

---

[8] *John v. Deep E. Tex. Reg. Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted).

[9] *Badon v. R J R Nabisco, Inc.*, 224 F.3d 382, 394 (5th Cir. 2000) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)).

[10] *Boudreaux v. Banctec, Inc.*, 366 F. Supp. 2d 425, 430 (E.D. La. 2005).

court cases.  These citations, however, ignore the standard of review applicable to federal constitutional challenges of land use plans.  Federal review of land use decisions is "quite different from the review to which they may be subjected in state court."[11]   Violations of state law do not necessarily give rise to a cognizable federal constitutional claim.[12]   "Indeed, '[c]onverting alleged violations of state law into federal . . . due process claims improperly bootstraps state law into the Constitution.'"[13]  Accordingly, the Court considers only those claims based in federal constitutional law.

### A. Vagueness Claims

Plaintiffs assert that the Land Use Ordinance is unconstitutionally vague in violation of the Federal Constitution. Specifically, Plaintiffs argue that the maps adopted lack sufficiently detailed boundaries and that the Land Use Ordinance provides insufficient standards to guide the establishment of buffer zones, allowance of nonconforming uses, and establishment of conditions on nonconforming uses.

Under federal law, "[a] civil statute that is not concerned with the First Amendment is only unconstitutionally vague if it is so vague and indefinite as really to be no rule at all or if it is substantially incomprehensible."[14]  A Court

---

[11] *Shelton v. City of College Station,* 780 F.2d 475, 482–83 (5th Cir.1986).

[12] *See, e.g. Jackson Court Condominiums Inc. v. City of New Orleans,* 665 F. Supp. 1235, 1241; *Brian B. Brown Const. Co v. St. Tammany Parish,* 17 F.Supp. 2d 586, 589 (E.D. La. 1998).

[13] *FM Properties Operating Co. v. City of Austin,* 93 F.3d 167, 174 (5th Cir. 1996) (quoting *Stern v. Tarrant County Hosp. Dist.,* 778 F.2d 1052, 1056 (5th Cir. 1985).

[14] *Chavez v. Hous. Auth. of City of El Paso,* 973 F.2d 1245, 1249 (5th Cir. 1992).

should uphold such a challenge only if the enactment is impermissibly vague in all of its applications.[15]  "A provision need not . . . be cast in terms that are mathematically precise; it need only give fair warning of the conduct proscribed, in light of common understanding and practices."[16] "A plaintiff who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others."[17]

Plaintiffs concede that federal courts rarely invalidate zoning ordinances for vagueness and have cited to only one district court case where a federal court did so.[18]  In that case, however, the ordinance the court struck down was an uncodified road policy that gave the planning commission unfettered discretion to grant exemption to the policy on an ad hoc basis.[19]  Here, unlike the policy at issue in *Everett*, the Land Use Ordinance provides sufficient guidelines to the planning commission in considering the establishment of buffer zones, the allowance of nonconforming uses, and the establishment of conditions on nonconforming use of the property.  With regard to buffer zones, the ordinance directs the planning commission to establish buffer zones "based on the nature of the use for which the buffer zone is established, and shall be

---

[15] *Village of Hoffman Estates v. Flipside, Hoffman Estates Inc.*, 455 U.S. 489 (1982). *See also Duplantis v. Bonvillan,* 675 F. Supp. 331 (E.D. La. 1987).

[16] *Stansberry v. Holmes*, 613 F.2d 1285, 1289 (5th Cir. 1980).

[17] *Village of Hoffman Estates*, 455 U.S. at 495.

[18] *Everett v. City of Tallahassee*, 840 F. Supp. 1528, 1546 (N.D. Fla. 1992). In the other case cited by Plaintiffs in support of their argument that the court should strike down the law for vagueness turned on qualified immunity, and therefore a final determination as to the vagueness of the statute was not made.  *Hyatt v. Town of Lake Lure*, 225 F. Supp. 2d 647, 663 (W.D.N.C. 2002).

[19] *Everett*, 840 F. Supp. at 1546.

based on commonly recognized regulatory, trade group, or manufacturing and industrial standards."[20] With regard to approval of nonconforming uses of property, the Land Use Ordinance directs the planning commission to consider approval "where there is a compelling public benefit, when the use is compatible with surrounding uses and adverse impacts of the use are inconsequential; or where required to as a matter of constitutional imperative or other vested legal right superior to this ordinance."[21] With regard to the establishment of conditions on nonconforming uses, the ordinance provides that such conditions may be established that "minimize adverse impacts and [are] beneficial to the public."[22] The Court finds that these standards are sufficient. Accordingly, the Land Use Ordinance provides sufficient standards to indicate what conduct is proscribed. The Land Use Ordinance is therefore not impermissibly vague in this regard.

Plaintiffs' arguments regarding deficiencies in the maps referenced by the ordinance are likewise not persuasive. There is no dispute that Plaintiffs themselves were well aware that the Petroplex property fell under residential grown and agricultural categories. The ordinance is, therefore, necessarily not vague in all of its applications, as required to render it excessively vague under federal law.[23] Furthermore, the maps attached to the ordinance are illustrative, scaled-down versions of parcel level maps that the Parish can

---

[20] Land Use Ordinance, Doc. 60-1 at 3.
[21] Land Use Ordinance, Doc. 60-1 at 2.
[22] Land Use Ordinance, Doc. 60-1 at 2.
[23] *See Village of Hoffman Estates*, 455 U.S. at 495.

7

provide to any interested party.  Plaintiffs' vagueness challenges therefore fail under federal law and are dismissed with prejudice.

**B. "Arbitrary and Capricious" Substantive Due Process Challenges**

In Count 3 of the Complaint, Plaintiffs assert that the Land Use Ordinance is arbitrary and capricious in violation of federal substantive due process protections.  Plaintiffs argue that the ordinance is arbitrary and capricious because it relies on a master plan to implement a parish-wide zoning ordinance.  Plaintiffs further argue that the designation of large swaths of the Parish's downriver land for either "Residential Growth" or "Agriculture" is unreasonable and without justification.

Before they can be declared unconstitutional, however, zoning ordinances must be clearly arbitrary and unreasonable and have no substantial relation to public health, safety, morals, or general welfare.[24]  Such regulations are presumed valid and are upheld unless the plaintiff can show that the legislation bears no rational relationship to a legitimate government interest.[25]  Put differently, the standard of review of zoning ordinances is "limited to the question [of[ whether the action is arbitrary and capricious, having no substantial relation to the general welfare."[26]  Requirements of

---

[24] *Village of Euclid, Ohio v. Ambler Realty Co.,* 272 U.S. 365 (1926).  *See also Shelton*, 780 F.2d at 480.

[25] *Shelton*, 780 F.2d at 480

[26] *Stansberry v. Holmes,* 613 F.2d 1285, 1289 (5th Cir. 1980) (internal quotation marks omitted).

substantive due process are met "if there [is] any conceivable rational basis for the zoning decision."[27]  "An attack against a zoning decision can succeed only with a showing that the legislative facts on which the classification is apparently based could not reasonably be conceived to be true by the governmental decisionmaker."[28]

The Land Use Ordinance provides that it was enacted to guide the future development of St. James Parish.[29]    Rational basis review is an extremely lenient standard of review; therefore, "[a]ttacks against zoning ordinances under this test are rarely successful."[30]  The record indicates that the Council based its decision on the findings outlined in the draft comprehensive plan generated by the planning commission.[31]  Though Plaintiffs may disagree with Defendants' response to the facts outlined in the comprehensive plan, the Court cannot find that this response was devoid of any conceivable rational basis.   Plaintiffs' argue that the Land Use Ordinance is arbitrary and capricious because it violates state law; however, this is precisely the type of challenge that this Court may not consider in a federal constitutional analysis.[32]  Accordingly, Plaintiffs' claims challenging the validity of the Land

---

[27] *Shelton,* 780 F.2d at 476.

[28] *Texas Manufactured Hous. Ass'n, Inc. v. City of Nederland*, 101 F.3d 1095, 1106 (5th Cir. 1996).

[29] Land Use Ordinance, Doc. 60-1 at 1.

[30] *Wood Marine Service, Inc. v. City of Harahan*, 858 F.2d 1061, 1066 (5th Cir. 1988) (citing *Shelton,* 780 F.2d at 479).

[31] Land Use Ordinance, Doc. 60-1 at 1.

[32] *See FM Properties Operating Co.*, 93 F.3d at 174.

Use Ordinance based on federal substantive due process provisions are dismissed with prejudice.

## II. Jurisdiction to Entertain State Law Claims

Having determined that Plaintiff's federal law challenges to the Land Use Ordinance fail, the Court must turn to the issue of its jurisdiction to entertain those challenges grounded in state law. Plaintiffs urge the Court to exercise supplemental jurisdiction over these state law claims, while Defendants argue that federal court review of state land use statutes is limited to claims cognizable as federal constitutional challenges.

Defendants point the Court to the Fifth Circuit's decision in *Shelton v. City of College Station*. There, the court stated

> We have long insisted that review of municipal zoning is within the domain of the states, the business of their own legislatures, agencies, and judiciaries, and should seldom be the concern of federal courts. A person disappointed with a zoning decision ordinarily can interest the federal courts only in a substantial claim that the state has deprived him of a property right without due process of law. In the absence of invidious discrimination, suspect classifying criteria, or infringement of fundamental interests, our review of these quasi-legislative decisions is confined to whether the decisions were "arbitrary and capricious."[33]

This pronouncement would seem to facially bar the Court from consideration of Plaintiffs' state law claims. That case was, however, decided prior to the codification of the concept of supplemental jurisdiction. It involves no direct

---

[33] *Shelton*, 780 F.2d at 477.

10

discussion of whether the Court may exercise supplemental jurisdiction over a state law challenges to land use plans that are the subject of federal challenges properly before it under federal question jurisdiction.  Plaintiffs cite the Court to *City of Chicago v. College of Surgeons* in support of the proposition that the Court may exercise supplemental jurisdiction over this claim;[34] however, the Court finds that case distinguishable.  There, the question before the Supreme Court was limited to whether it was proper to remove a case that included a state law claim challenging an administrative decision under deferential review.[35]  Though state law challenges to land use decisions were present in that action, the Court made no determination regarding whether their presence was appropriate.[36]  Accordingly, the Court is without a clear mandate on the applicability of supplemental jurisdiction to state law claims regarding land use plans.  The Court need not resolve this dispute, however, as it finds that even if supplemental jurisdiction were applicable, it would, in its discretion, decline to exercise it.

In determining whether to relinquish jurisdiction over state law claims, the Court must look to both the statutory factors set forth in 28 U.S.C. § 1367(c) and to the common law factors of judicial economy, convenience, fairness, and comity.[37]  The statutory factors are: (1) whether the state law claim raises a novel or complex issue of state law, (2) whether the state law claim substantial

---

[34] 522 U.S. 156 (1997).

[35] *Id.*

[36] *Id.*

[37] *Enochs v. Lampasas County,* 641 F.3d 155, 158 (5th Cir. 2011).

predominates over the claim or claims over which the district court has original jurisdiction (3) whether the district court has dismissed all the claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.[38]

The factors weigh in favor of the Court declining to exercise supplemental jurisdiction.  First and foremost, the remaining claims challenging the propriety of the Land Use Ordinance involve complex issues of state land use law and interpretation of the Louisiana Constitution on which there is not clear guidance from the Louisiana Supreme Court.  Matters such as land use are of local concern and are best left to the province of the states to decide.[39]  Secondly, the Court has dismissed the related federal claims challenging the validity of the Land Use Ordinance.  Further, courts have routinely declined to exercise supplemental jurisdiction in similar circumstances.[40]  Therefore, even if supplemental jurisdiction may apply to

---

[38] 28 U.S.C. § 1367(c).

[39] *See Shelton*, 780 F.2d at 477.

[40] *See, e.g., Clark v. City of Gig Harbor*, No. C09-5099 FDB, 2009 WL 1046032, at *2 (W.D. Wash. Apr. 20, 2009) (remanding state law land use challenges and noting that local zoning and land use disputes are an area upon which federal courts ought not intrude); *Camp v. City of Charlevoix*, No. 1:07-CV-980, 2008 WL 4185954, at *8 (W.D. Mich. Sept. 8, 2008) (declining supplemental jurisdiction over state law claims where the state court would be more familiar with state zoning and land use law); *McKinnie v. Estate of Adrian*, No. CIV. 07-5082-KES, 2008 WL 4425880, at *7 (D.S.D. Sept. 24, 2008) (declining supplemental jurisdiction "[b]ecause the state courts are in a much better position to decide issues related to local land use decisions); *Trustees of Marion Kingdom Hall of Jehovah's Witnesses v. City of Marion,* 638 F. Supp. 2d 962, 980 (S.D. Ill. 2007) (declining to exercise supplemental jurisdiction over remaining state law land use claims after similar federal claims were dismissed).

Plaintiffs' state law claims challenging the validity of the land use ordinance, the Court would, in its discretion, decline to exercise jurisdiction.  Accordingly, Plaintiffs' state law challenges to the Land Use Ordinance found in Counts 1-4 of the Complaint are dismissed without prejudice.

### CONCLUSION

For the foregoing reasons, Defendants' Motion is **GRANTED IN PART**. Plaintiffs' federal constitutional claims challenging the validity of the Land Use Ordinance are **DISMISSED WITH PREJUDICE**, and Plaintiffs' state law challenges to the ordinance are **DISMISSED WITHOUT PREJUDICE**.

New Orleans, Louisiana this 22nd day of January, 2016.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

13