## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PETROPLEX INTERNATIONAL, LLC, ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO:   15-140** |
| **ST. JAMES PARISH, ET AL** | **SECTION: "H" (4)** |

### ORDER

Before the Court is Defendants' **Motion to Quash Deposition of Bengt Jarlsjo and Verwater USA Projects, LLC (R. Doc. 134)** seeking an Order from the Court to quash the depositions of Bengt Jarlso and Verwater, which are noticed to take place on January 29, 2016. R. Doc. 134, p. 2 and Defendants' **Motion for Expedited Hearing (R. Doc. 135)** seeking expedited consideration of their underlying motion to quash. The Court granted the motion to expedite and the underlying motion was heard on January 27, 2016.

### I.    Background

#### A.  The Lawsuit

Plaintiffs, Mainline Energy Partners No. 2, LLC ("Mainline") and Homeplace Ventures No.2, LLC ("Homeplace"), own adjoining tracts of land fronting the west bank of the Mississippi River in St. James Parish. Plaintiff Petroplex is the lessee of the property. This action arises from Defendants' alleged enactment, interpretation and enforcement of a Parish-wide land use ordinance that precludes Plaintiffs from building and operating a ten million barrel petroleum tank farm in the Parish. R. Doc. 1, p. 4. Plaintiffs contend that St. James Parish encouraged the development of the tank farm1 for years, but now oppose the project. *Id.* Plaintiffs argue that they have spent years and millions of dollars to develop the facility, and the Parish and its representative are now preventing its development. *Id.*

Plaintiffs argue they selected a 1,780 acres tract of land near the west bank of the Mississippi River in St. James Parish because there were no zoning or land restrictions in place in the Parish that would prevent the construction and operation of their facility on the property. *Id.* at 5. On September 25, 2007, Plaintiffs agreed to purchase the property with the intention of developing the property as a tank farm facility. *Id.* Plaintiffs argue that Defendants (parish council members, the parish president, and a permit supervisor) initially supported the project and submitted letters of support to the United States Department of Agriculture ("USDA") and in support of a loan to the Bank of Montgomery to provide funds for the purchase and development of the property. *Id.* at 10. Plaintiffs contend that as a result of support from Parish officials, they obtained a $20,000,000 loan from the Bank of Montgomery and a USDA Rural Development Fund guarantee for $14,000,000 of the loan amount. *Id.* at 11. Plaintiffs also argue that they spent years to prepare the site, including a number of environmental and feasibility studies. *Id.* at 6.

Contrary to their initial support, Plaintiffs argue that Defendants later enacted Parish Ordinance No. 86-37, which restricted the property's use to residential and agricultural purposes. In an attempt to mitigate their damages and clarify the ordinance, Plaintiffs applied to the Parish Planning Commission and the Parish Council for approval to use the property as a tank farm facility. Plaintiffs contend that they submitted drawings and plans for the Parish's review and consideration.

The Parish Council adopted St. James Parish Resolution 14-84, which approved Plaintiffs' use of the property as a tank farm. Plaintiffs contend that they adhered to the Resolution and continued to construct their site. To Plaintiffs' surprise, the Parish issued a Work Stop Order on December 4, 2014. *Id.* at 25.

The matter was placed, on the Parish Council's January 7, 2015, meeting agenda. Plaintiffs were allowed to make a presentation After failed attempts to resolve the issue, the instant suit was filed. Plaintiffs argue that the Land Use Plan, the Resolution, and the Parish's actions constitute an

unconstitutional taking. Plaintiffs also ask for damages pursuant to 42 U.S.C. § 1983 and assert state law claims for detrimental reliance. In their pending motion for preliminary injunction before the District Court, Plaintiffs seek to enjoin the enforcement of the Ordinance, the Resolution, and the Stop Work Order. See R. Doc. 25.

On October 19, 2015, the District Court dismissed Plaintiffs' individual-capacity claims against Parish Council Members Alvin St. Pierre, Jason Amato, Terry McCreary, Ralph Patin, Charles Ketchens, Ken Brass, and James Brazen based on legislative immunity. R. Doc. 71. The District Court also dismissed Plaintiffs' official-capacity claims against Parish President Timothy Roussel; Parish Planning/Permitting Supervisor Ryan Donadieu; and Parish Council Members Alvin St. Pierre, Jason Amato, Terry McCreary, Ralph Patin, Charles Ketchens, Ken Brass, and James Brazen. *Id.*

    **B. Discovery Challenges**

Of importance to the backdrop of the subject motion although not directly the subject of the motion is the fact that the parties had agreed that several depositions would take place either right before or immediately after the agreed to discovery deadline.  One such deposition was the deposition of Corne van de Reijt, a Verwater employee who the parties agree was at the oil tank construction site and who Petroplex previously designated as its corporate designee to testify about the construction and progression of the oil tank farm.  Specifically, Brent Barriere, counsel for Petroplex by letter dated January 11, 2016, indicated that Corne was designated to  testify about Topics 5,15, and 16 in the Petroplex Re-Notice of 30(b)6) deposition. (See correspondence from Barrierre, Fishman Haygood LLP, dated January 11, 2016 , Rec. Doc. 127-9)

On January 8, 2016, Corne Re-Notice of Deposition was issued regarding Corne van de Reigt and noticed his deposition to take place by telephone on January 22, 2016.  The notice does not specify the topics that Corne was supposed to testify about and appears as though it

could have been issued to him as a fact witness. On January 19, 2016, two days before the scheduled telephone deposition, Corne communicated via telephone from the Netherlands to Petroplex's counsel that he would not submit to the telephone deposition and advised them that he now works for a competitor of Verwater.  After Petroplex received notice that Corne would not testify, six days later, on January 25, 2016, Petroplex issued the 30(b)(6) notice of Verwater U.S.A. Projects, LLC, a Texas corporation, to take place in New Orleans on January 29, 2016 at 9:00 a.m., just four days later. Now, the defendants seek to quash the deposition of Verwater U.S.A. Projects, L.L.C. on the grounds that it exceeds the agreed to discovery deadline and was scheduled unilaterally.[1]

The remaining issue before the Court is Defendants' request to quash the 30(b)(6).  The only basis asserted by the mover for quashing the deposition is the January 22, 2016, discovery deadline.  However, for reasons assigned below, the court finds that the Notice issued on January 25, 2016, is defective despite the parties "agreed" to deadline and further does not constitute reasonable notice to nonparty Verwater U.S.A.

## II.     <u>Standard of Review</u>

Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Fed.R.Civ.P. 26(b)(1). The Rule specifies that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* The discovery rules are accorded a broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials. *Hebert v. Lando*, 441 U.S. 153, 176, 99 S.Ct. 1635, 60 L.Ed.2d 115 (1979). Nevertheless, discovery does have "ultimate and necessary boundaries*." Oppenheimer*

---

[1] The motion originally also sought to quash the deposition of  Bengt Jarlsjo of Quanta Capital Solutions, Inc. ("Quanta") a company in Greenwood Village Colorado.  Since the filing of the motion, Petroplex withdrew its notice and therefore this issue is moot.

*Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507, 67 S.Ct. 385, 91 L.Ed. 451 (1947)). Furthermore, "it is well established that the scope of discovery is within the sound discretion of the trial court." Coleman v. Amer. Red Cross, 23 F.3d 1091, 1096 (6th Cir. 1994).

Under Rule 26(b)(2)(c), discovery may be limited if: (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from another, more convenient, less burdensome, or less expensive source; (2) the party seeking discovery has had ample opportunity to obtain the information sought; or (3) the burden or expense of the proposed discovery outweighs its likely benefit. Fed.R.Civ.P. 26(b)(2)(c). In assessing whether the burden of the discovery outweighs the benefit, a court must account for: (1) the needs of the case; (2) the amount in controversy; (3) the parties' resources; (4) the importance of the issues at stake in the litigation; and (5) the importance of the proposed discovery in resolving the issues. *Id.*

## III.    Analysis

Defendants argue that pursuant to instruction from the District Court the parties conducted pre-hearing discovery based deadlines agreed to by counsel. *See* R. Doc. 30. Defendants further argue that in advance of their February 1, 2016, hearing on Plaintiffs' Motion for Preliminary Injunction (R. Doc. 25), the parties agreed that discovery was to be concluded by January 21, 2016. R. Doc. 134-1, p. 2. Defendants contend that through mutual agreement the depositions of some witnesses were taken before and some, by agreement, beyond the discovery deadline. R. Doc. 134-1, p. 5.

Defendants further contend that Plaintiffs, without a prior agreement between the parties, noticed the depositions of Bengt Jarlsjo of Quanta Capital Solutions and a representative for Verwater for January 29, 2016. Defendants argue that Plaintiffs do not have the authority to

unilaterally notice depositions on the eve of trial without either agreement between the parties or leave of court. *Id.* at 6.

During oral argument, Plaintiffs acknowledged that the agreed-to discovery deadline was January 21, 2016. However, Plaintiffs contend that the deadline was a "soft" one as both sides have engaged in discovery past the January 21, 2016 deadline. Therefore, the plaintiffs contend that the late noticed deposition of Verwater issued on Monday, January 25, 2016, for Friday, January 29, 201, should be allowed to proceed forward.

It is not disputed that the parties agreed to the January 21, 2016, deadline. What is in dispute, however, is whether the plaintiffs can unilaterally on the eve of the preliminary injunction hearing schedule the deposition of Verwater, a Texas corporation whose principal place of business is Kemah, Texas, to take place in New Orleans on Friday, January 29, 2016. Without reaching the binding nature of the parties agreed to deadline, the Court finds that the deposition was not properly noticed for several reasons.

Fed.R.Civ.P. 26(c)(1), requires that the Fed.R.Civ.P. 30(b)(6) deposition of Verwater, through its designated corporate representative, take place in the Kemah, TX., which is Verwater U.S.A's principal place of business. The "'deposition of a corporation by its agents and officers should ordinarily be taken at its principal place of business'" *See Redmond v. Oseidon Personnel Sercies, Sa,* 2009 WL 3486385 (EDLA 2009); *Reich Album & Plunkett, L.L.C. v. Wheat, Opperman & Meeks, P.C.,* No. 06-10850, 2007 WL 1655677, at *4 (E.D. La. June 4, 2007) (Roby, M.J.) (quoting *Salter v. Upjohn,* 593 F.2d 649, 651 (5th Cir. 1979)). Courts have determined that this presumption satisfies the Rule 26(c) requirement of good cause. A party may overcome the presumption, however, by showing that peculiar circumstances justify conducting the deposition at a location other than the corporation's principal place of business.

*Tailift USA, Inc. v. Tailift Co.,* No. 03-CV-0196-M, 2004 WL 722244, at *1 (N.D.Tex. Mar. 26, 2004) *aff'd,* 992 F.2d 325 (5th Cir .1993)) (additional citations omitted); *accord Fuller v. Summit Treestands, LLC,* No. 07-CV-0330A(M), 2008 WL 3049852, at *2 (W.D.N .Y. Aug. 1, 2008). *Turner v. Kansas City So. Ry. Co.,* Nos. 03–2742, 05–2668, 2008 WL 4444282, at *1 (Sept. 24, 2008) (Wilkinson, M.J.) (internal citations omitted).

Furthermore, various districts have considered five factors when deciding whether such peculiar and/or sufficient circumstances have been shown to overcome the presumption. *Id.* Specifically, courts may consider whether: (1) counsel for the parties are located in the forum district; (2) the deposition party is seeking to depose only one corporate representative; (3) the corporation chose a corporate representative that resides in a place outside of the location of its principal place of business and/or the forum district; (4) significant discovery disputes may arise which may necessitate a resolution in the forum court; and (5) based on the nature of the claim the parties' relationship, equity favors conducting the deposition in the forum district. *Id.* (citing *Tailift USA, Inc. v. Tailift Co.,* No. 03–CV–0190–M, 2004 WL 722244, at *2 (N.D.Tex. Mar. 26, 2004).

Petroplex improperly noticed the deposition to take place at its counsel's office on Friday, January 29, 2016.  Further, Petroplex failed set forth any peculiar circumstances that would justify the deposition location taking place in New Orleans on the eve of the hearing. Further, the notice was defective because it was issued just five days before it was scheduled to take place. *See, e.g. Memorial Hospice, Inc. v. Norris,* 2008 WL 4844758 (N.D.Miss. Nov. 5, 2008)(finding that three days' notice of deposition was clearly unreasonable); *See Also Gulf Production Co. Inc. v. Hoover Oilfield Supply, Inc.* 2011 WL 891027 (E.D.La.2011)( where

court held that party seeking to proceed with a corporate deposition four days after service of notice is "unreasonable")(Roby M.J.).

Finally, to the extent that Petroplex issued the subject notice in attempt to cure its inability to present a corporate representative to testify about Petroplex's work on the construction project as requested in the original notice of 30(b)(6) deposition, the attempted deposition fails because as noticed the testimony would only bind Verwater U.S.A. and not Petroplex.

IV.   <u>**Conclusion**</u>

Accordingly,

**IT IS ORDERED** that the Defendants' **Motion for Expedited Hearing (R. Doc. 135)** is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants' **Motion to Quash Deposition of Bengt Jarlsjo and Verwater USA Projects, LLC (R. Doc. 134)** is **GRANTED** in part and **DENIED IN MOOT** in part.

**IT IS GRANTED** as to the  Notice of 30(b)(6) Deposition of Verwater U.S.A. Projects, L.L.C.

**IT IS DENIED AS MOOT** as to the deposition of Bengt Jarlsjo of Quanta Capital Solutions.

New Orleans, Louisiana, this <u>28th</u> day of January 2016.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

cc. Judge Jane Millazzo