UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PETROPLEX INTERNATIONAL, LLC, ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO: 15-140** |
| **ST. JAMES PARIS ET AL** | **SECTION: "H" (4)** |

## ORDER

Before the Court is a **Motion to Compel** (**R. Doc. 73**), filed by the Plaintiffs seeking an Order from this Court to compel Defendants St. James Parish, Timothy Roussel, and Ryan Donadieu to produce documents that they argue Defendants improperly withheld as privileged. R. Doc. 73. The motion is opposed. *See* R. Doc. 84.

### I.   Background

Plaintiffs, Mainline Energy Partners No. 2, LLC ("Mainline") and Homeplace Ventures No.2, LLC ("Homeplace"), own adjoining tracts of land fronting the west bank of the Mississippi River in St. James Parish. Plaintiff Petroplex is the lessee of the property. This action arises from Defendants' alleged enactment, interpretation and enforcement of a Parish-wide land use ordinance that precludes Plaintiffs from building and operating a ten million barrel petroleum tank farm in the Parish. R. Doc. 1, p. 4. Plaintiffs contend that St. James Parish encouraged the development of the tank farm1 for years, but now oppose the project. *Id.* Plaintiffs argue that they have spent years and millions of dollars to develop the facility, and the Parish and its representative are now preventing its development. *Id.*

Plaintiffs argue they selected a 1,780 acres tract of land near the west bank of the Mississippi River in St. James Parish because there were no zoning or land restrictions in place in the Parish that would prevent the construction and operation of their facility on the property. *Id.* at

5. On September 25, 2007, Plaintiffs agreed to purchase the property with the intention of developing the property as a tank farm facility. *Id.* Plaintiffs argue that Defendants (parish council members, the parish president, and a permit supervisor) initially supported the project and submitted letters of support to the United States Department of Agriculture ("USDA") and in support of a loan to the Bank of Montgomery to provide funds for the purchase and development of the property. *Id.* at 10. Plaintiffs contend that as a result of support from Parish officials, they obtained a $20,000,000 loan from the Bank of Montgomery and a USDA Rural Development Fund guarantee for $14,000,000 of the loan amount. *Id.* at 11. Plaintiffs also argue that they spent years to prepare the site, including a number of environmental and feasibility studies. *Id.* at 6.

Contrary to their initial support, Plaintiffs argue that Defendants later enacted Parish Ordinance No. 86-37, which restricted the property's use to residential and agricultural purposes. In an attempt to mitigate their damages and clarify the ordinance, Plaintiffs applied to the Parish Planning Commission and the Parish Council for approval to use the property as a tank farm facility. Plaintiffs contend that they submitted drawings and plans for the Parish's review and consideration.

The Parish Council adopted St. James Parish Resolution 14-84, which approved Plaintiffs' use of the property as a tank farm. Plaintiffs contend that they adhered to the Resolution and continued to construct their site. To Plaintiffs' surprise, the Parish issued a Work Stop Order on December 4, 2014. *Id.* at 25.

 The matter was placed, on the Parish Council's January 7, 2015, meeting agenda. Plaintiffs were allowed to make a presentation. After failed attempts to resolve the issue, the instant suit was filed. Plaintiffs argue that the Land Use Plan, the Resolution, and the Parish's actions constitute an unconstitutional taking. Plaintiffs also ask for damages pursuant to 42 U.S.C. § 1983 and assert

state law claims for detrimental reliance. In their pending motion for preliminary injunction before the District Court, Plaintiffs seek to enjoin the enforcement of the Ordinance, the Resolution, and the Stop Work Order. See R. Doc. 25.

On October 19, 2015, the District Court dismissed Plaintiffs' individual-capacity claims against Parish Council Members Alvin St. Pierre, Jason Amato, Terry McCreary, Ralph Patin, Charles Ketchens, Ken Brass, and James Brazen based on legislative immunity. R. Doc. 71. The District Court also dismissed Plaintiffs' official-capacity claims against Parish President Timothy Roussel; Parish Planning/Permitting Supervisor Ryan Donadieu; and Parish Council Members Alvin St. Pierre, Jason Amato, Terry McCreary, Ralph Patin, Charles Ketchens, Ken Brass, and James Brazen. *Id.*

In their instant motion, Plaintiff argue that Defendants' 653-page privilege log include broad claims to withhold documents based on attorney-client privilege, work-product privilege, and legislative privilege. R. Doc. 73-1, p. 2. Plaintiff's counsel contend that they have reviewed Defendants' entire privilege log and highlighted examples of improperly withheld documents. *Id.* at 3. In response, Defendants argue that many of Plaintiff's issues are now resolved because Defendants made a supplemental production to provide Plaintiff with emails inadvertently withheld as privileged. R. Doc. 84, p. 3. For remaining withheld documents, Defendants continue to assert a privilege. *Id.* at n. 7.

## II. Rulings Made During Oral Argument

### A. November 18, 2015 Hearing

Counsel appeared before the undersigned on Wednesday, November 18, 2015, at 11:00 a.m. for oral argument on Plaintiffs' Motion to Compel (R. Doc. 73). After listening to counsels' arguments and reviewing Defendants' supplemental privilege log, the Court ordered counsel to

carefully review their log to determine which entries are privileged or not and for counsel to reappear before the Court at 3:00 p.m. that day.

During the hearing at 3:00 p.m., the Court reviewed each document that corresponds to Bates numbers on the first page of Defendants' traversal log. *See* R. Doc. 84 (Exhibit G). The below rulings regarding whether documents corresponding to the following Bates are privileged or not privileged were made during the 3:30p.m. hearing.

### 1. Privileged

The Court ordered that documents that correspond to the following Bates numbers are privileged: 1183-1207, 1238, 1244-68, 1270, 1271-95, 2782-87, 3698.

### 2. Not Privileged

The Court ordered that documents that correspond to the following Bates numbers are not privileged: 55, 85, 117, 234, 362, 362 (subject to redaction of the bottom portion that is irrelevant to the instant litigation), 364-65 (communication at 10:39 a.m. should be redacted), 621-22, 1221-23, 1624 (communication at 9:21 a.m. should be redacted), 1717-18, 1719, 1850, 1922, 2162, 2163, 2164-66, 2168, 2169, 2204-05, 2720-26, 2776, 2277, 2278, 2780, 2781, 2788, 2789, 2790, 2792-95, 3381, 3382, 3410, 3411, 3616, 3618, 3675, 3677, 3699, 3700-03. The documents that correspond to the following Bates numbers were blank pages and thus not privileged: 56, 2279, 3490, 3787, 3617.

### B. November 19, 2016 Hearing

Counsel reappeared before the undersigned on Thursday, November 19, 2015, at 10:15 a.m. and represented to the Court that because of the number of documents they need to review, additional time is needed. The Court agreed to continue the hearing until Wednesday, December 2, 2015, at 1:30 p.m.

### C. December 2, 2015 Hearing

Counsel reappeared before the Court on Wednesday, December 2, 2015, at 11:00am. In advance of the hearing, counsel for Defendants provided the Court with an updated log of privileged and redacted documents that remain at issue. The Court reviewed documents that correspond to each entry on Defendants' updated privilege log and determined whether the documents were privileged or not. The following rulings were made during the hearing.

### 1. Privileged

The Court ordered that documents that correspond to the following Bates numbers are privileged: 6744, 7964, 7988, 7989, 8009, 7967-69, 7970-74, 8009, 8018, 8030-31, 9080, 9083-90, 9097, 9098, 9126, 9866, 9867, 10212, 10218-19, 10220, 10221, 10230, 10234, 10250-51, 10253-54, 10256-7, 10263-70, 12406-07, 12409-10, 12416-12423, 13696, 13703, 13814-16, 13827-13843, 13922-24, 13931, 13939-47, 13964, 13965, 14834-35, 14951, 14955, 15345, 15361-62, 15441, 15474-75, 15505-06, 17033-36, 17071-74, 13640-41, 13642 (bottom section is privileged), 13803, 13845-46, 13916-17.

### 2. Not Privileged

The Court ordered that documents that correspond to the following Bates numbers are not privileged: 3769-49, 6745, 4544, 7536, 7966, 7990, 77991, 8011, 8011, 8032, 8033, 8034, 8743, 8744, 8745, 9055, 9056-57, 9081, 9082, 9083, 9099, 9100, 9121, 9122, 9123, 9127, 9128, 9886,10213, 10215, 10216, 10217, 10231, 10232, 10233, 10252, 10255, 10258-59, 10260-62, 10912-14, 12408, 12411-15, 13645, 13656 (the meeting agenda is not privileged; the remainder of the document is subject to redaction), 13647, 13650-61, 13697, 13698, 13702, 13704-0, 13817-25, 13925-29, 14834-36, 14950, 14952-54, 14956-58, 15346, 15347, 15348, 15363-69, 15404 (the Court agreed with redaction), 15405-11, 15420-27, 15440 (the Court agreed with the redaction), 15442-47, 15456 (the Court agreed with the redaction), 15457-63, 15473 (the Court

agreed with the redaction), 15472 (the Court agreed with the first redaction, but overruled the second redaction), 15473 (the Court agreed with the redaction), 15476, 15481-82 (the Court overruled the bottom redaction), 15483-88, 15497, 15498-99, 15500-51, 15507, 15508-09, 17032, 17037-38, 17039, 17070, 17075-77, 3948, 3949, 1369, 13642 (top section is not privileged), 13642, 13844, 13802, 13804, 13844. The documents that correspond to the following Bates numbers were blank pages and thus not privileged: 7965.

### III.     Conclusion

Accordingly,

**IT IS ORDERED** that the Plaintiff's **Motion to Compel (R. Doc. 73)** is **GRANTED in part** and **DENIED in part**.

**IT IS GRANTED** as to the documents that the Court held are not privileged. The documents that correspond to the following Bates numbers are not privileged:

> 55, 85, 117, 234, 362, 362 (subject to redaction of the bottom portion that is relevant to the instant litigation, 364-65 (communication at 10:39 a.m. should be redacted), 621-22, 1221-23, 1624 (objection withdrawn, communication at 9:21 a.m. should be redacted), 1717-18, 1719, 1850, 1922, 2162, 2163, 2164-66, 2168, 2169, 2204-05, 2720-26, 2776, 2277, 2278, 2780, 2781, 2788, 2789, 2790, 2792-95, 3381, 3382, 3410, 3411, 3616, 3618, 3675, 3677, 3699, 3700-03, 3769-49, 6745, 4544, 7536, 7966, 7990, 77991, 8011, 8011, 8032, 8033, 8034, 8743, 8744, 8745, 9055, 9056-57, 9081, 9082, 9083, 9099, 9100, 9121, 9122, 9123, 9127, 9128, 9886,10213, 10215, 10216, 10217, 10231, 10232, 10233, 10252, 10255, 10258-59, 10260-62, 10912-14, 12408, 12411-15, 13645, 13656 (the meeting agenda is not privileged; the remainder of the document is subject to redaction), 13647, 13650-61, 13697, 13698, 13702, 13704-0, 13817-25, 13925-29, 14834-36, 14950, 14952-54, 14956-58, 15346, 15347, 15348, 15363-69, 15404 (the Court agreed with redaction), 15405-11, 15420-27, 15440 (the Court agreed with the redaction), 15442-47, 15456 (the Court agreed with the redaction), 15457-63, 15473 (the Court agreed with the redaction), 15472 (the Court agreed with the first redaction, but overruled the second redaction), 15473 (the Court agreed with the redaction), 15476, 15481-82 (the Court overruled the bottom redaction), 15483-88, 15497, 15498-99, 15500-51, 15507, 15508-09, 17032, 17037-38, 17039, 17070, 17075-77, 3948, 3949, 1369, 13642 (top section is not privileged), 13642, 13844, 13802, 13804, 13844.

**IT IS FURTHER GRANTED** as to documents that correspond to the following Bates numbers were blank pages and thus not privileged: 56, 2279, 3490, 3787, 3617, 7965.

**IT IS DENIED** as to the documents that the Court held are privileged. The documents that correspond to the following Bates numbers are privileged:

1183-1207, 1238, 1244-68, 1270, 1271-95, 2782-87, 3698, 6744, 7964, 7988, 7989, 8009, 7967-69, 7970-74, 8009, 8018, 8030-31, 9080, 9083-90, 9097, 9098, 9126, 9866, 9867, 10212, 10218-19, 10220, 10221, 10230, 10234, 10250-51, 10253-54, 10256-7, 10263-70, 12406-07, 12409-10, 12416-12423, 13696, 13703, 13814-16, 13827-13843, 13922-24, 13931, 13939-47, 13964, 13965, 14834-35, 14951, 14955, 15345, 15361-62, 15441, 15474-75, 15505-06, 17033-36, 17071-74, 13640-41, 13642 (bottom section is privileged), 13803, 13845-46, 13916-17.

New Orleans, Louisiana, this 1st day of February, 2016.

                              **KAREN WELLS ROBY**
                        **UNITED STATES MAGISTRATE JUDGE**