UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PETROPLEX INTERNATIONAL, LLC ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO:   15-140** |
| **ST. JAMES PARISH ET AL** | **SECTION: "H" (4)** |

## ORDER

Before the Court is a **Motion to Compel Against Plaintiffs (R. Doc. 82)**, filed the Defendants seeking an Order from the Court to compel Plaintiffs to produce emails that, they argue, Plaintiffs are improperly withholding as privileged. R. Doc. 82, p. 1. The motion is opposed. *See* R. Doc. 99.

### I.     Background

Plaintiffs, Mainline Energy Partners No. 2, LLC ("Mainline") and Homeplace Ventures No.2, LLC ("Homeplace"), own adjoining tracts of land fronting the west bank of the Mississippi River in St. James Parish. Plaintiff Petroplex is the lessee of the property. This action arises from Defendants' alleged enactment, interpretation and enforcement of a Parish-wide land use ordinance that precludes Plaintiffs from building and operating a ten million barrel petroleum tank farm in the Parish. R. Doc. 1, p. 4. Plaintiffs contend that St. James Parish encouraged the development of the tank farm1 for years, but now oppose the project. *Id.* Plaintiffs argue that they have spent years and millions of dollars to develop the facility, and the Parish and its representative are now preventing its development. *Id.*

Plaintiffs argue they selected a 1,780 acres tract of land near the west bank of the Mississippi River in St. James Parish because there were no zoning or land restrictions in place in the Parish that would prevent the construction and operation of their facility on the property. *Id.* at

5. On September 25, 2007, Plaintiffs agreed to purchase the property with the intention of developing the property as a tank farm facility. *Id.* Plaintiffs argue that Defendants (parish council members, the parish president, and a permit supervisor) initially supported the project and submitted letters of support to the United States Department of Agriculture ("USDA") and in support of a loan to the Bank of Montgomery to provide funds for the purchase and development of the property. *Id.* at 10. Plaintiffs contend that as a result of support from Parish officials, they obtained a $20,000,000 loan from the Bank of Montgomery and a USDA Rural Development Fund guarantee for $14,000,000 of the loan amount. *Id.* at 11. Plaintiffs also argue that they spent years to prepare the site, including a number of environmental and feasibility studies. *Id.* at 6.

Contrary to their initial support, Plaintiffs argue that Defendants later enacted Parish Ordinance No. 86-37, which restricted the property's use to residential and agricultural purposes. In an attempt to mitigate their damages and clarify the ordinance, Plaintiffs applied to the Parish Planning Commission and the Parish Council for approval to use the property as a tank farm facility. Plaintiffs contend that they submitted drawings and plans for the Parish's review and consideration.

The Parish Council adopted St. James Parish Resolution 14-84, which approved Plaintiffs' use of the property as a tank farm. Plaintiffs contend that they adhered to the Resolution and continued to construct their site. To Plaintiffs' surprise, the Parish issued a Work Stop Order on December 4, 2014. *Id.* at 25.

The matter was placed, on the Parish Council's January 7, 2015, meeting agenda. Plaintiffs were allowed to make a presentation. After failed attempts to resolve the issue, the instant suit was filed. Plaintiffs argue that the Land Use Plan, the Resolution, and the Parish's actions constitute an unconstitutional taking. Plaintiffs also ask for damages pursuant to 42 U.S.C. § 1983 and assert

state law claims for detrimental reliance. In their pending motion for preliminary injunction before the District Court, Plaintiffs seek to enjoin the enforcement of the Ordinance, the Resolution, and the Stop Work Order. See R. Doc. 25.

On October 19, 2015, the District Court dismissed Plaintiffs' individual-capacity claims against Parish Council Members Alvin St. Pierre, Jason Amato, Terry McCreary, Ralph Patin, Charles Ketchens, Ken Brass, and James Brazen based on legislative immunity. R. Doc. 71. The District Court also dismissed Plaintiffs' official-capacity claims against Parish President Timothy Roussel; Parish Planning/Permitting Supervisor Ryan Donadieu; and Parish Council Members Alvin St. Pierre, Jason Amato, Terry McCreary, Ralph Patin, Charles Ketchens, Ken Brass, and James Brazen. *Id.*

As to the instant motion, on November 24, 2015, the Court ordered counsels to appear for oral argument on December 2, 2015, for Defendants' Motion to Compel (R. Doc. 82). In its order, the Court advised Plaintiffs' counsel to review carefully their 502-page privilege log and remove Bates numbers that correspond to documents that are blank or duplicative. The Court also advised counsel for Plaintiffs to review their assertion of privilege for every document and remove any documents that they deem, upon further review, to be not privileged.  As ordered, Plaintiff provided the Court and counsel for Defendant with an updated privilege log on November 30th. The updated privilege log was 150 pages, which was 352 pages less than their original privilege log.

## II.     Rulings Made During Oral Argument

### A.     December 2, 2016 Hearing

During the hearing, the Court listened to arguments from each party and reviewed each document that corresponds to Bates numbers on the first sixteen pages of Plaintiffs' updated log.

The Court concluded the hearing on Bates number 22789. The Court then ordered counsels to reappear before the Court on Thursday, December 3, 2015, at 9:30 a.m. The below rulings regarding whether documents corresponding to the following Bates are privileged or not privileged were made during the December 2nd hearing.

1. **Privileged**

The Court ordered that documents that correspond to the following Bates numbers are privileged: 2779 (bottom portion), 2780, 2781, 2782, 5459, 5763 (email attachment), 6217-6218 (email attachment), 1034, 11805, 11954-90, 12033-34 (communication between Shack and Boyd), 12616-12626, 13576-81, 14987-88, 16234 (middle email), 16235, 16345 (communication on May 19, 2011, at 5:19 a.m.), 17617-18, 17620-21, 17622-23, 17624-27, 17630-31 (communication on May 21, 2013, at 12:04pm), 17680-83 (communication on May 23, 2013, at 3:13 p.m.), 17691-93, 17694-99, 17734, 17735, 17784-88, 17790-5, 17796-01, 20820-21, 20833, 22611-24, 22618, 22457-59, 22493 (bottom portion), 22495 (bottom portion).

2. **Not Privileged**

The Court ordered that documents that correspond to the following Bates numbers are not privileged: 1472, 2101, 2102, 2103, 2014, 2105, 2011, 2112, 2113, 2591 (top portion), 2779 (email January, 8, 2013, at 11:09 a.m.), 2783, 2784, 5458, 5763, 6217-6218, 1031-33, 1035-37, 12033-34 (email on January 25 at 11:00 p.m.), 13575, 14141, 15115-15138, 16226-27, 16234, 16235 (second paragraph not protected), 14905-07, 14959, 16291-92, 16346, 16347-48, 17558-17651 (subject to redactions), 17564-67 (subject to redactions), 17575-77, 17590-92 (counsel agreed to produce), 17611-12 (counsel agreed to produce), 17619 (signature line page), 17630-31 (top and bottom portions not protected), 17632-45 (counsel agreed to produce), 17733, 17885, 17888-91, 17893-99, 17910-12 (counsel agreed to produce), 20455 (counsel agreed to produce), 20519-69,

20791-92, 20819, 21296-21485 (counsel agreed to produce), 21361-62 (counsel agreed to produce), 21650-55 (counsel agreed to produce), 22414-16, 22618-24 (counsel agreed to produce), 22251-52, 22424-48, 22493 (top section),  22495 (top section), 22567-68 69 (counsel agreed to produce),  22569, 22611-17 (counsel agreed to produce), 22618-24, 22629-32, 22648-54 (counsel agreed to produce), 22676-95 (counsel agreed to produce), 22704 (communication at April 5, 2015), 22707-08, 22711-12, 22742, 22748-52 (counsel agreed to produce), 22771-72 (counsel agreed to produce), 22788-89. Further, the documents that correspond to the following Bates numbers were blank pages and thus not privileged: 11806, 22494, 22742.

## B. December 3, 2016 Hearing

During the December 3, 2016 hearing, the Court continued its review of Plaintiffs' privilege log. The Court began at Bates number 22809 and ended the hearing at Bates number 24626. At the end of the hearing, the Court ordered counsel for Plaintiffs to review their log and release any document for which Plaintiffs' do not assert an attorney-client privilege that were sent to Plaintiffs' equity partners and unrelated to the instant litigation. The Court then continued the hearing until Wednesday, December 16, 2015, at 11:00 a.m. The following rulings were made during the December 3, 2016, hearing:

The Court also allowed counsel for Plaintiffs to continue withholding documents, subject to their asserted common-interest privilege, from Boyd Bryan or documents seeking legal advice from Boyd Bryan, even if sent to Plaintiffs' equity partners. Counsel for Plaintiffs represented to the Court that Boyd Bryan, an attorney with Jones Walker LLP, routinely advised Plaintiffs on permitting matters. Counsel for Plaintiffs also stated that their equity partners (Quanta Services, Macquarie Capital, Verwater, and Harley Marine) and they retained Boyd Bryan to provide legal advice on matters giving rise to the instant litigation, including the Ordinance, the Resolution, and

the Stop Work Order. On January 15, 2016, the Court overruled Plaintiffs' assertion of the common-interest privilege and held that the common-interest doctrine does not apply to communications identified on their privilege log between Plaintiffs, their attorneys, and their actual or potential investors and. R. Doc. 126, p. 9. The Court ordered the release of any document that was shared with an actual or potential investor. *Id.* The following rulings were made during the December 3, 2015, hearing.

### 1. **Privileged**

The Court ordered that documents that correspond to the following Bates numbers are privileged: 23385-87, 23525-26, 23559-71, 23589, 23590, 23614, 23774, 23898 (email on April 22, 2014), 23911 (top section), 24218, 24230-31 (email at11:53 a.m.), 24235 (email at 11:53 a.m.), 24266, 24271, 24285, 24287, 24301, 24302-07, 24314-30, 24515 (bottom portion beginning with email at 9:51 a.m.), 24561, 24592 (email on May 2, 2015, at 7:22 a.m.), 24593-98.

### 2. **Not Privileged**

The Court ordered that documents that correspond to the following Bates numbers are not privileged: 22911-22915 (counsel agreed to produce), 22916-21 (counsel agreed to produce), 22922 (counsel agreed to produce), 22924 (counsel agreed to produce), 22925-26 (counsel agreed to produce), 22927-28 (counsel agreed to produce), 23075 (top section), 22310-22, 23401, 23412, 23412, 23413, 23415-17, 23418-19, 23420 (email at 2:20 p.m.), 23424, 23429, 23430, 23434-37, 23438-40, 23441, 23512, 23525-36, 23350 (first section), 23351, 23556-58, 23556, 23573, 23611, 23677-79, 236781, 23682, 23699, 23738-40, 23741, 23749-50, 23803 (email dated April 20, 2014), 23810 (last communication at 9:29 a.m.), 23811, 23812 (communication on10:22 a.m. is subject to redaction), 23814, 23819, 23888, 23894, 23898 (emails on s8:29 p.m., 12:48 p.m., and 12:50 p.m.), 23901 (email from Sellers), 23904, 23906 (starting with the second to last email),

23906 (starting with second to the last email dated April 22, 2014, at 12:40 p.m.), 23907 (first email can be redacted, the rest is not protected), 23918, 23911 (bottom section), 23914, 23919, 23920 (emails at 9:59 p.m. and 9:50p.m.), 23922-23, 23923 (emails at 9:58 p.m. and 9:38 p.m.), 23927, 23928-29 (counsel agreed to produce), 23930, 23931, 23932 (email at 7:12 a.m.), 23933, 23994, 23936 (top email at 7:10 a.m. and email dated April 22, 2014, at 10:39 p.m.), 23939, 23940 (emails at 7:06 p.m. and 9:02 p.m.), 24203 (email at 11:56 a.m.), 24217, 24220, 24221, 24223, 24224, 24227, 24428, 24229, 24232, 24233, 24234, 24236-43, 24244, 24245, 24246, 24248, 24249, 24250, 24251, 24252, 24253, 24254, 24254, 24258, 24260, 24262, 24263, 24264, 24267, 24269, 24272-76, 24278, 24279, 24280-83, 24286, 24290, 24291, 24292, 24293, 24294, 24296, 24297, 24298-99, 24308 (top email), 24309, 24310, 24311, 24313, 24331, 24396, 24397, 24398, 24420-34, 24435-47, 24448, 24449, 24450, 24451-63, 24469-71, 24472-44, 24475-48, 24480-92, 24496, 24513, 24516-25, 24528, 24530, 24532, 24533, 24534 (top portion), 24543-44, 24553, 24560, 24590, 24591, 24608, 24609, 24618, 24618-26.

    **C.**    **December 16, 2016 Hearing**

        **1.**    **Privileged**

The Court ordered that documents that correspond to the following Bates numbers are privileged: 29000, 29260 29261, 292771-72, 30151, 30152, 30534-55, 30683, 30684, 30787-88, 30789, 30790, 30791, 30794, 31392, 31730, 31777-78, 31800-01, 32795-96, 33182-88, 33250, 33947-51, 34081, 34187, 34710, 30152, 3471155, 36214, 36216, 36715, 37896-99, 39092-95, 42341, 42370, 42371, 43443-46, 43529-31, 43529-31, 43572-75, 43750-60, 44480-81, 4482-83, 44501-02, 44578, 44640-42, 45271-72.

**2.    Not Privileged**

The Court ordered that documents that correspond to the following Bates numbers are not privileged: 28856-57, 28858, 28859-60, 28958-59, 29151, 29257, 29266-70, 292789-90, 292791-92, 30051, 30379, 30418-19, 30427-29, 30474-80, 30481-84, 30485093, 30394-30500, 30501-12, 30532-33, 30690, 30691, 31776, 31990-81, 32228, 33195, 33202, 33229, 33287, 33288, 33290, 33248-49, 33447-48, 33449, 33450-51, 33462, 33768, 33771-75, 22778-82, 33904, 33905, 33909, 33918, 33925-32, 33957-58, 33962-63, 34058-34059, 34060-61, 34155, 34156-57, 34188, 34452, 34453, 34454, 34498, 34525, 34529, 34538-44, 34545-56, 34576-77, 34711, 35024, 25061, 35061-89, 35607, 35608-13. 35809, 35810, 35969, 35970, 35970, 35975, 35988, 36629, 36653, 36748, 36880, 36901, 36901, 36918-19, 37626, 37633, 37676, 37761, 37900-03, 37926-29, 37942-43, 37963-64, 38773-74, 39110-11. 39200, 39201-03, 39204-06, 42337-42340, 42342, 42350-54, 42359-60, 42372, 42373, 42387, 42388-92, 43571, 43749, 44495-97, 44503-05, 44506-10, 44579.

**III.    Conclusion**

Accordingly,

**IT IS ORDERED** that the Defendant's **Motion to Compel (R. Doc. 82)** is **GRANTED in part** and **DENIED in part**.

**IT IS GRANTED** as to the documents that the Court held are not privileged. The documents that correspond to the following Bates numbers are not privileged:

> 1472, 2101, 2102, 2103, 2014, 2105, 2011, 2112, 2113, 2591 (top portion), 2779 (email January, 8, 2013, at 11:09 a.m.), 2783, 2784, 5458, 5763, 6217-6218, 1031-33, 1035-37, 12033-34 (email on January 25 at 11:00 p.m.), 13575, 14141, 15115-15138, 16226-27,  16234, 16235 (second paragraph not protected), 14905-07, 14959, 16291-92, 16346, 16347-48, 17558-17651 (subject to redactions), 17564-67 (subject to redactions), 17575-77, 17590-92 (counsel agreed to produce), 17611-12 (counsel agreed to produce), 17619 (signature line page), 17630-31 (top and bottom portions not protected), 17632-45 (counsel agreed to produce), 17733,

8

17885, 17888-91, 17893-99, 17910-12 (counsel agreed to produce), 20455 (counsel agreed to produce), 20519-69, 20791-92, 20819, 21296-21485 (counsel agreed to produce), 21361-62 (counsel agreed to produce), 21650-55 (counsel agreed to produce), 22414-16, 22618-24 (counsel agreed to produce), 22251-52, 22424-48, 22493 (top section), 22495 (top section), 22567-68 69 (counsel agreed to produce), 22569, 22611-17 (counsel agreed to produce), 22618-24, 22629-32, 22648-54 (counsel agreed to produce), 22676-95 (counsel agreed to produce), 22704 (communication at April 5, 2015), 22707-08, 22711-12, 22742, 22748-52 (counsel agreed to produce), 22771-72 (counsel agreed to produce), 22788-89, 22911-22915 (counsel agreed to produce), 22916-21 (counsel agreed to produce), 22922 (counsel agreed to produce), 22924 (counsel agreed to produce), 22925-26 (counsel agreed to produce), 22927-28 (counsel agreed to produce), 23075 (top section), 22310-22, 23401, 23412, 23412, 23413, 23415-17, 23418-19, 23420 (email at 2:20 p.m.), 23424, 23429, 23430, 23434-37, 23438-40, 23441, 23512, 23525-36, 23350 (first section), 23351, 23556-58, 23556, 23573, 23611, 23677-79, 236781, 23682, 23699, 23738-40, 23741, 23749-50, 23803 (email dated April 20, 2014), 23810 (last communication at 9:29 a.m.), 23811, 23812 (communication on10:22 a.m. is subject to redaction), 23814, 23819, 23888, 23894, 23898 (emails on s8:29 p.m., 12:48 p.m., and 12:50 p.m.), 23901 (email from Sellers), 23904, 23906 (starting with the second to last email), 23906 (starting with second to the last email dated April 22, 2014, at 12:40 p.m.), 23907 (first email can be redacted, the rest is not protected), 23918, 23911 (bottom section), 23914, 23919, 23920 (emails at 9:59 p.m. and 9:50p.m.), 23922-23, 23923 (emails at 9:58 p.m. and 9:38 p.m.), 23927, 23928-29 (counsel agreed to produce), 23930, 23931, 23932 (email at 7:12 a.m.), 23933, 23994, 23936 (top email on 7:10 a.m. and email dated April 22, 2014, at 10:39 p.m.), 23939, 23940 (emails at 7:06 p.m. and 9:02 p.m.), 24203 (email at 11:56 a.m.), 24217, 24220, 24221, 24223, 24224, 24227, 24428, 24229, 24232, 24233, 24234, 24236-43, 24244, 24245, 24246, 24248, 24249, 24250, 24251, 24252, 24253, 24254, 24254, 24258, 24260, 24262, 24263, 24264, 24267, 24269, 24272-76, 24278, 24279, 24280-83, 24286, 24290, 24291, 24292, 24293, 24294, 24296, 24297, 24298-99, 24308 (top email), 24309, 24310, 24311, 24313, 24331, 24396, 24397, 24398, 24420-34, 24435-47, 24448, 24449, 24450, 24451-63, 24469-71, 24472-44, 24475-48, 24480-92, 24496, 24513, 24516-25, 24528, 24530, 24532, 24533, 24534 (top portion), 24543-44, 24553, 24560, 24590, 24591, 24608, 24609, 24618, 24618-26, 28856-57, 28858, 28859-60, 28958-59, 29151, 29257, 29266-70, 292789-90, 292791-92, 30051, 30379, 30418-19, 30427-29, 30474-80, 30481-84, 30485093, 30394-30500, 30501-12, 30532-33, 30690, 30691, 31776, 31990-81, 32228, 33195, 33202, 33229, 33287, 33288, 33290, 33248-49, 33447-48, 33449, 33450-51, 33462, 33768, 33771-75, 22778-82, 33904, 33905, 33909, 33918, 33925-32, 33957-58, 33962-63, 34058-34059, 34060-61, 34155, 34156-57, 34188, 34452, 34453, 34454, 34498, 34525, 34529, 34538-44, 34545-56, 34576-77, 34711, 35024, 25061, 35061-89, 35607, 35608-13. 35809, 35810, 35969, 35970, 35970, 35975, 35988, 36629, 36653, 36748, 36880, 36901, 36901, 36918-19, 37626, 37633, 37676, 37761, 37900-03, 37926-29, 37942-43, 37963-64, 38773-74, 39110-11. 39200, 39201-03, 39204-06, 42337-42340, 42342, 42350-

54, 42359-60, 42372, 42373, 42387, 42388-92, 43571, 43749, 44495-97, 44503-05, 44506-10, 44579.

**IT IS FURTHER GRANTED** as to documents that correspond to the following Bates numbers were blank pages and thus not privileged: 11806, 22494, 22742.

**IT IS DENIED** as to the documents that the Court held are privileged. The documents that correspond to the following Bates numbers are privileged:

2779 (bottom portion), 2780, 2781, 2782, 5459, 5763 (email attachment), 6217-6218 (email attachment), 1034, 11805, 11954-90, 12033-34 (communication between Shack and Boyd), 12616-12626, 13576-81, 14987-88, 16234 (middle email), 16235, 16345 (communication on May 19, 2011, at 5:19 a.m.), 17617-18, 17620-21, 17622-23, 17624-27, 17630-31 (communication on May 21, 2013, at 12:04pm), 17680-83 (communication on May 23, 2013, at 3:13 p.m.), 17691-93, 17694-99, 17734, 17735, 17784-88, 17790-5, 17796-01, 20820-21, 20833, 22611-24, 22618, 22457-59, 22493 (bottom portion), 22495 (bottom portion), 23385-87, 23525-26, 23559-71, 23589, 23590, 23614, 23774, 23898 (email on April 22, 2014), 23911 (top section), 24218, 24230-31 (email at 11:53 a.m.), 24235 (email at 11:53 a.m.), 24266, 24271, 24285, 24287, 24301, 24302-07, 24314-30, 24515 (bottom portion beginning with email at 9:51 a.m.), 24561, 24592 (email on May 2, 2015, at 7:22 a.m.), 24593-98, 29000, 29260 29261, 292771-72, 30151, 30152, 30534-55, 30683, 30684, 30787-88, 30789, 30790, 30791, 30794, 31392, 31730, 31777-78, 31800-01, 32795-96, 33182-88, 33250, 33947-51, 34081, 34187, 34710, 30152, 3471155, 36214, 36216, 36715, 37896-99, 39092-95, 42341, 42370, 42371, 43443-46, 43529-31, 43529-31, 43572-75, 43750-60, 44480-81, 4482-83, 44501-02, 44578, 44640-42, 45271-72.

New Orleans, Louisiana, this <u>2nd</u> day of February 2016.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**